IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
Houston Division

| | | |
|---|---|---|
| DRAKE PLASTICS LTD. CO., *et al.*, | ) | |
| | ) | Case No. 4:25-cv-2570 |
| Plaintiffs, | ) | |
| | ) | Judge Lee H. Rosenthal |
| v. | ) | |
| | ) | |
| INTERNAL REVENUE SERVICE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**CERTIFICATION OF ADMINISTRATIVE RECORD**

Pursuant to 28 U.S.C. § 1746, Jeffrey Van Hove declares as follows:

1. I hold the position of Associate Chief Counsel (Financial Institutions & Products) in the Office of Chief Counsel for the Internal Revenue Service.

2. In this capacity, I am an executive in the office responsible for maintaining the administrative record pertaining to the publication of final regulations published in T.D. 10029, Micro-Captive Listed Transactions and Micro-Captive Transactions of Interest, on January 14, 2025, at 90 Fed. Reg. 3534.

3. This certification is based on my personal knowledge and on information acquired in my official capacity and in the performance of my official functions.

4. I certify that the attached documents are true and correct copies of the non-privileged, non-exempt documents that were directly or indirectly considered in connection with the promulgation of T.D. 10029.

5. In addition to the attached documents, we considered exempt materials from taxpayer-specific files. These documents were from internal examination or litigation files with

respect to promoted[1] micro-captive and similar transactions. Some of the documents were tax returns and information returns, which are prohibited from disclosure under I.R.C. § 6103(b)(1). Other documents are "return information" because they were "collected by the Secretary with respect to a return or with respect to the determination of the existence, or possible existence, of liability." 26 U.S.C. § 6103(b)(2)(A). Returns and return information are confidential and cannot be disclosed, absent an exception. 26 U.S.C. § 6103(a). Thus, more than one hundred documents that were considered in connection with the promulgation of T.D. 10029 are not included because disclosure of these documents is prohibited by I.R.C. § 6103 ("I.R.C. § 6103 Records").

6. The I.R.C. § 6103 Records referenced in paragraph 5, above, were reviewed to gauge consistency in the fact patterns developed for the purpose of identifying certain micro-captive transactions as tax-avoidance transactions or potential tax-avoidance transactions. While we cannot include the returns or return information we reviewed in the administrative record, the underlying characteristics and claimed tax benefits reflected in these documents are described in the fact patterns set forth in T.D. 10029. The broad categories of these I.R.C. § 6103 Records we considered are as follows:

a. Promotional materials, which describe generally the structure and perceived tax benefits of several promoted transactions. The transactions described in the promotional materials highlight the nature of ownership in certain

[1] In a promoted transaction, an individual or entity creates a tax arrangement and markets it to numerous taxpayers as a way for the participating taxpayers to reduce their tax liability. The promoter generally earns a fee. As such, a discrete promoted transaction may result in examinations and tax liabilities for many different taxpayers.

transactions, some of the costs associated with setting up a captive transaction, and some sample business lines;

b. Memoranda and legal opinions created for or procured by promoters detailing the perceived specific tax effects of participation in a given promoted transaction. The memoranda and legal opinions generally describe the structure of a promoted transaction and the promoters' legal positions with respect to the transaction; and

c. Examination workpapers, including statutory notices of deficiency, proposed adjustments detailed in final and draft Forms 886-A, *Explanation of Items*, white papers for specific promotions, copies of Forms 8886, *Reportable Transaction Disclosure Statements* filed in response to Notice 2016-66, 2016-47 I.R.B. 745, and Forms 1120-PC, *U.S. Property and Casualty Insurance Company Income Tax Returns* filed in examined transactions. The examination workpapers set forth the specific facts for participants and promoters with respect to a given promoted transaction, which further clarified the structure of promoted micro-captive transactions and commonalities in the use of the I.R.C. § 831(b) election with I.R.C. § 162 business deductions in a tax avoidance transaction or potential tax avoidance transaction.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: June 27, 2025

Jeffrey A. Van Hove Digitally signed by Jeffrey A. Van Hove
Date: 2025.06.27 13:03:17 -04'00'

Jeffrey Van Hove
Associate Chief Counsel
(Financial Institutions & Products)
Office of Chief Counsel
Internal Revenue Service